MANDATE

16-3309-cv
*Zbitnoff et al. v. James*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand and seventeen.

Present:
>    ROBERT D. SACK,
>    PETER W. HALL,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

Igor Zbitnoff, Eileen Andreoli, Jeffrey Frost,
Richard Joseph, Juliet Beth Buck, Ray Gonda, Stop
the F35 Coalition,

>    *Plaintiffs - Appellants*,

David Deslauriers, Sr.,                                                  16-3309-cv

>    *Plaintiff*,

v.

Deborah Lee James, Secretary of the Air Force,

>    *Defendant - Appellee.*

For Appellant:                    JAMES ALLAN DUMONT, Bristol, VT (Laura Hill-Eubanks, Greenfield Legal Services, LLP, Northfield, VT, *on the brief*).

1

MANDATE ISSUED ON 12/18/2017

16-3309-cv
*Zbitnoff et al. v. James*

| | |
|---|---|
| For Appellee: | BRIAN TOTH, (David W. Gehlert and Jeffrey H. Wood, *on the brief*), Environmental and Natural Resources Division, United States Department of Justice, Washington, DC. Eugenia A.P. Cowles, Acting U.S. Attorney, and Nikolas P. Kerest, Assistant U.S. Attorney, for the District of Vermont, Burlington, VT, *on the brief*. |

Appeal from the District of Vermont's (Crawford, *J.*) final judgment entered August 10, 2016.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiffs-Appellants Igor Zbitnoff, Eileen Andreoli, Jeffrey Frost, Richard Joseph, Juliet Beth Buck, Ray Gonda, and Stop the F35 Coalition ("Plaintiffs") challenge the Secretary of the Air Force's determination to locate a squadron of F35 Lightning II aircraft at the South Burlington Air National Guard ("ANG") station and the Secretary's Environmental Impact Statement's ("EIS") compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370m-12. We assume the parties' familiarity with the underlying facts, procedural history, arguments presented on appeal, and the district court's rulings.

We review *de novo* the district court's determination on summary judgment, viewing the facts in the light most favorable to the non-moving party. *See Fund for Animals v. Kempthorne*, 538 F.3d 124, 131 (2d Cir. 2008). The court cannot "interject itself within the area of discretion of the executive as to the choice of the action to be taken," *Kleppe v. Sierra Club*, 427 U.S. 390, 410 n.21 (1976) (citation omitted), and, upon review of the environmental consequences, our role is to

determine whether the agency's determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, *see* 5 U.S.C. § 706. *Citizens for Balanced Env't & Transp., Inc. v. Volpe*, 650 F.2d 455, 460 (2d Cir. 1981).

NEPA's requirements direct the process of an agency's determination when it intends to take an action that has a significant effect on the environment. *See* 42 U.S.C. § 4332(C). "[It] does not command an agency to favor any particular course of action, but rather requires the agency to withhold its decision to proceed with an action until it has taken a 'hard look' at the environmental consequences." *Stewart Park & Reserve Coal., Inc. (SPARC) v. Slater*, 352 F.3d 545, 557 (2d Cir. 2003) (citation omitted). The EIS "must address any adverse unavoidable environmental effects resulting from the implementation, alternatives to the proposed action, the relationship between short-term uses and the long-term maintenance of the environment, and any irretrievable commitments of resources involved in the proposed action." *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 12 (2d Cir. 1997). A court "may not rule an EIS inadequate if the agency has made an adequate compilation of relevant information, has analyzed it reasonably, has not ignored pertinent data, and has made disclosures to the public." *Stewart Park*, 352 F.3d at 557–58 (citation omitted). The Council on Environmental Quality ("CEQ") promulgates rules and regulations to guide federal agencies through the NEPA process. *See* 40 C.F.R. §§ 1500.1, 1518.4.

Plaintiffs challenge whether, in issuing the EIS, the Secretary failed to apprise the public of the information she necessarily considered when reaching her

determination. Plaintiffs first assert that the Secretary considered, but the EIS failed to address, the anticipated cost-savings resulting from the placement of the F35 jets at Burlington ANG over other alternative locations. Next, plaintiffs maintain that the Secretary failed to consider, and the EIS failed to address, Vermont's land-use law's permitting requirements, *see* Vt. Stat. Ann., tit. 10, §§ 6001–6111 ("Act 250"), and the City of South Burlington's Comprehensive Plan.

Plaintiffs assert that the EIS must discuss non-environmental impacts, and they rely on *Natural Resources Defense Council, Inc. v. Callaway*, 524 F.2d 79 (2d Cir. 1975), and *Chelsea Neighborhood Associations v. U.S. Postal Service*, 516 F.2d 378 (2d Cir. 1975) for this proposition. Plaintiffs ask too much of these cases. In *Natural Resources Defense Council*, we stated that an "EIS fails to perform its vital task of exposing the reasoning and data of the agency proposing the action to scrutiny by the public and by other branches of the government" when it "fail[s] to present a complete analysis and comparison of the possible . . . sites." 524 F.2d at 94. Our holding was focused exclusively on environmental considerations. We held that the EIS incorrectly "evaluated only the *environmental impact* of [a] particular Navy project," and thus "the EIS failed to furnish information essential to *the environmental decision-making process.*" *Id.* at 87 (emphasis added). Again, in *Chelsea Neighborhood Associations*, we explained that "the adequacy of an EIS can only be considered in light of its purpose . . . 'to compel federal agencies to give serious weight *to environmental factors* in making discretionary choices.'" 516 F.2d at 386 (citation omitted) (emphasis added). We concluded that the EIS failed to

Case 5:14-cv-00132-gwc   Document 78   Filed 12/18/17   Page 5 of 7

16-3309-cv
*Zbitnoff et al. v. James*

address comprehensively the environmental impact of the housing decision, and specifically that the EIS failed to address traffic, parking, and any resulting contribution to noise and air pollution. *Id.* at 388. These cases are clear that NEPA requires the EIS to address the environmental impacts of the proposed project and cannot be read in the broader meaning that plaintiffs urge.

Both these cases preceded *Metropolitan Edison Co. v. People Against Nuclear Energy*, 460 U.S. 766 (1983), which explained NEPA's limited scope. In deciding whether the EIS should have considered potential psychological health damage, the Court determined that "NEPA does not require the agency to assess *every* impact or effect of its proposed action, but only the impact or effect on the environment." *Id.* at 772 (emphasis in original). "If a harm does not have a sufficiently close connection to the physical environment, NEPA does not apply," plain and simple. *Id.* at 778. Plaintiffs fail to offer any convincing argument that *Metropolitan Edison* did not limit NEPA's application to the consideration of environmental impacts, or that their asserted omission in the EIS—a cost benefit analysis between proposed sites—is somehow connected to the environment. Consistent with this Circuit's precedent and *Metropolitan Edison*, the Secretary's EIS omitting a discussion of cost-savings of placing the F35s in South Burlington complied fully with NEPA.

Plaintiffs' argument that the EIS must consider the conflict between the Air Force's basing decision and the requirements of Vermont's Act 250 was squarely addressed by the Vermont Supreme Court's holding in *In re: Request for Jurisdictional Opinion re: Changes in Physical Structures and Use at Burlington*

16-3309-cv
*Zbitnoff et al. v. James*

*Int'l Airport for F-35A*, 117 A.3d 457 (Vt. 2015). There, the Supreme Court of Vermont held the development associated with housing F35s fell outside Act 250's permitting requirements because Act 250 was preempted by federal law and Act 250's "state purpose" requirement prevented its application to the Air Force's federal project.  Under the terms of Act 250, only development for municipal, county, or State purposes requires a permit. Here, the "proposed improvements related to the fighter jet were being made by the federal government and would be under federal control, and therefore there was no state purpose." *Id*.  In any event, state and local control and regulation of aircraft and aircraft noise falls within "the pervasive control vested in the EPA and in FAA . . . [and] seems to us to leave no room for . . . local controls" on aircraft noise. *City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624, 638 (1973).  Because Act 250's requirements are preempted by federal law and do not apply to development undertaken for a federal purpose, the EIS was not required to address Act 250's noise standards.

With respect to Plaintiffs' argument that the EIS failed to address South Burlington's Comprehensive Plan, this also fails. Just as Vermont Act 250 is preempted by federal law, so too would be any attempts by municipalities to control aircraft noise. *See id.* at 640.  Moreover, without being required to do so, the EIS did in fact consider the effects of increased noise and effects on the housing developments in South Burlington and Winooski that may have been contemplated by South Burlington's Comprehensive plan.

16-3309-cv
*Zbitnoff et al. v. James*

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7